**COASTAL STATES GAS PRODUCING COMPANY, Appellant,**

v.

**Edmond E. SKORUPPA, Appellee.**

**No. 4400.**

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1965.

Richard A. Hall, Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellant.

Reese D. Wade, Beeville, F. I. Gandy, Jr., Butler, Schraub, Schafer & Gandy, Corpus Christi, for appellee.

WILSON, Justice.

Defendant contends plaintiff failed to establish the venue facts of agency and negligence under subdivision 9a of Art. 1995, Vernon's Ann.Civ.St., in this non-jury venue matter. Defendant's plea of privilege was overruled. We affirm.

Defendant Coastal States Gas Producing Co. owned a drilling rig on which a five-man crew was running casing. Plaintiff and other members of the casing crew were employed by Equipment Casing Co. Coastal States contracted with plaintiff's employer to run casing into the well being drilled by defendant. Plaintiff's employer furnished a pickup line, attached to the draw works of the drilling rig, by which sections of casing were raised vertically for insertion into the well hole. There is evidence to show that the draw works were operated by defendant's employee, and that a stiff, rather than a flexible, pickup line, "which did not fit", was improperly used to lift the casing. There is evidence that the casing slipped from this line and fell on plaintiff when the draw works were operated too fast.

Because there is evidence the foreman of Equipment Casing Company's casing crew instructed and directed the operator of defendant's drilling-rig draw works, defendant says the latter became a loaned servant of plaintiff's employer, Equipment Casing Company under such authorities as Hilgenberg v. Elam, 145 Tex. 437, 198 S.W.2d 94,

and was therefore not a servant of defendant. There was evidence also, however, to the effect that the driller had control of the rig and draw works.

The foreman testified, "My authority wasn't enough to slow him down," and "He was working for Coastal States." The foreman testified that if anything went wrong, he gave "instructions or a signal to hold it for a minute" to the draw-works operator, using hand signals to indicate stops, starts and rates of speed. He told him "to be very careful and explained to him about the line." He told the operator "to slow it down." Just before the casing fell the foreman testified he "looked up there and it was all right." We find no direct evidence in the record that the foreman was authorized by his employer or by defendant to control the detailed activities of the operator of the draw works. The evidence is not such that it may be said as a matter of law, as defendant's contention would require us to hold, that the operator was a special, or loaned servant of plaintiff's employer.

The evidence raised the issues as to other essential venue facts. Affirmed.